BARKER V. LOTHROP AND COIT, EXECUTORS OF JOSEPH COIT, DECEASED.

A note for more than £20 money only, subscribed by two witnesses, is appealable if one of the witnesses is dead or become interested.

ERROR complaining of the judgment of the City Court in an action, brought by Lothrop and Daniel Coit, executors aforesaid v. Barker, upon a note given to said Joseph Coit, per writ dated 22d day of January and served the 25th of February 1790, and made returnable to the City Court to be holden in March, whereby it passed over the court in the month of February. From March the case was continued by special order, to April court; there being present only three judges, one of whom was father-in-law to one of the plaintiffs.

The defendant plead the statute against taking unlawful interest in bar of the action; and verdict and judgment passed for the plaintiffs to recover.

The defendant moved for an appeal, upon the ground that one of the subscribing witnesses to the note, had become interested by the death of the said Joseph, and so said note could not now be vouched by two witnesses, which motion was denied.

Errors assigned — 1st. That the plaintiff in the commencement of the action passed over February City Court. 2d. That the cause was discontinued in March court, the order for the continuance of it, not being made by a quorum of judges that by law might judge in the cause. And, 3d. That said City Court ought to have granted an appeal.

The judgment of the City Court was affirmed.

As to the 1st exception in error — It is obviated by the writ's not being served until the 25th of February when the time of service for February court had expired.

As to the 2d — The action was well in court, and if there was not a quorum of judges present to try it, it would have been continued of course.

As to the 3d — The court said if this was the first case of the kind that had come up, they should be of opinion that an

appeal ought to be granted; but the precedents are the other way; and upon the ground of precedents the court determined that there was nothing erroneous.

The judgment was afterwards reversed in the Supreme Court of Errors, for the following reasons, viz.